**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CANOVA GEORGE SINGLETON,

Plaintiff-Appellant,

v.

STATE OF OKLAHOMA; FRANK
KEATING, Governor; STEVE
HARGETT; JAMES L. SAFFLE,
Deputy Warden,

Defendants-Appellees.

No. 97-6372
(D.C. No. CIV-97-356-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA** and **McKAY**, Circuit Judges, and **BROWN,**[**] Senior District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Canova George Singleton appeals from the district court's grant of summary judgment to defendants on his civil rights claims, filed pursuant to 42 U.S.C. § 1983.  As before the district court, on appeal Mr. Singleton contends that:

a)      under Oklahoma's Prison Overcrowding Emergency Powers Act, credits are granted some prisoners--but not others--resulting in overcrowding and double-celling, which, combined with a lack of health screening, results in risk of harm to prisoners in violation of their equal protection rights;

b)      Oklahoma has conspired to deny prisoners, including Mr. Singleton, the right to vote;

c)      Oklahoma's prison classification system creates a class of prisoners in violation of due process and equal protection and has the effect of increasing Mr. Singleton's sentence; and

d)      Defendants have retaliated against Mr. Singleton for the filing of an administrative grievance.

We review the district court's grant of summary judgment de novo, applying the same legal standard used by that court pursuant to Fed. R. Civ. P.

56(c).  See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).  Further, we construe Mr. Singleton's pro se pleadings liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  After careful review of the entire record on appeal in light of these standards, and after due consideration of the parties' briefs, we conclude that the district court correctly decided this case.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge